**E-FILED**
Monday, 25 January, 2010 08:41:14 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

**RICHARD TOTTEN and**
**JUDY TOTTEN,**

**Plaintiffs,**

**v.** | **Case No. 09-1411**

**LOWE'S HOME CENTERS, INC., a**
**foreign corporation,**

**Defendant.**

## FIRST AMENDED COMPLAINT

**Now come the Plaintiffs, RICHARD TOTTEN and JUDY TOTTEN, by their attorneys, Simpson Law Office, and for their complaint against the Defendant, LOWE'S HOME CENTERS, INC., a North Carolina corporation, state and allege as follows:**

## COUNT I (Premises Liability)

**For cause of action against the Defendant, Plaintiff RICHARD TOTTEN states and alleges as follows:**

**1. On February 7, 2008, and prior thereto, the Defendant owned, operated, managed and controlled, both directly and indirectly, individually and through its agents and employees, a home improvement store on the property commonly known as 531 W. Carl Sandburg Drive, Galesburg, Knox County, Illinois, and in particular the sidewalk under the overhanging roof along the south side of said building.**

**2. Defendant is now and at all times herein mentioned was a corporation organized and existing under the laws of the State of North Carolina and registered to do business in the State of Illinois.**

**3. It was then and there the duty of the Defendant, by and through its duly authorized agents and employees, to use ordinary care in operating, managing, maintaining and controlling said premises in such a reasonably safe condition so as not to cause injury to the Plaintiff and others then and there lawfully on said premises.**

**4. At the aforementioned time and place and prior thereto, the Defendant, well knowing its duty in this regard, carelessly and negligently caused or permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.**

**5. For many years before February 7, 2008, the Defendant knew when snow accumulated on the overhanging roof on the south side of its building and the snow melted, water would drain off the roof (there being no gutter or other water diversion system) and pool in an area just outside the west exit door of said premises and in the path of pedestrian traffic exiting the building through the west exit door on the south side of said premises and said pooled water, when it became frozen, created an unreasonable risk of injury to Defendant's patrons exiting its premises in that area.**

**6. On February 7, 2008, at approximately 8:30 a.m., Plaintiff was lawfully on the aforementioned premises as a business invitee of the Defendant.**

**7. At the time of the occurrence complained of and at all times prior thereto, Plaintiff was in the exercise of ordinary care for his own safety.**

**8. At that time and place, as Plaintiff was exiting Defendant's store, he slipped and fell on an unnatural accumulation of ice just outside the exit door where melting snow had dripped from the roof overhang and refrozen on the sidewalk.**

9. Notwithstanding its duty as set forth in Paragraph 3 of this Complaint, Defendant, by and through its duly authorized agents and/or employees, breached said duty and committed one or more of the following negligent acts and/or omissions:

a. Carelessly and negligently failed to provide safe ingress and egress from its establishment;

b. Carelessly and negligently permitted and allowed an unnatural accumulation of ice to form on said sidewalk due to the defective design or construction or maintenance of its roof overhang when it had knowledge and was on notice that the design and function of said roof allowed melting snow to accumulate and refreeze near the exit from its premises;

c. Carelessly and negligently permitted an unnatural accumulation of ice to remain on the sidewalk for an unreasonably long period of time;

d. Invited its patrons, including the Plaintiff, to use the sidewalk to exit the premises when it knew there was snow on the roof which, when it melted and refroze on the sidewalk, created an unreasonably dangerous condition at the exit of its premises;

e. Carelessly and negligently failed to inspect the premises and remove any snow or ice at or near the exit or otherwise take appropriate precautions to insure the sidewalk at the exit was maintained in a safe condition;

f. Carelessly and negligently failed to warn patrons, including the Plaintiff, of the dangerous condition of the sidewalk, when Defendant knew, or in the exercise of ordinary care, should have known that said warning was necessary to prevent injury to the Plaintiff.

10. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, Plaintiff was caused to slip and fall violently to the ground, thereby causing him to sustain a closed head injury; Plaintiff was caused and will be caused in the future to endure pain and suffering; Plaintiff has been and will in the future be prevented from attending to his usual duties; and, in endeavoring to cure said injuries, Plaintiff was caused and will be caused in the future to expend substantial sums of money for hospital bills, doctor bills, and medical care.

WHEREFORE, Plaintiff, RICHARD TOTTEN, prays for judgment against Defendant, LOWE' HOME CENTERS, INC. in an amount in excess of $50,000 and for the costs of this suit.

COUNT II (Loss of Consortium) For cause of action against the Defendant, Plaintiff JUDY TOTTEN states and alleges as follows:

1-10. Plaintiff realleges Paragraphs 1-10 of Count I as Paragraphs 1-10, respectively, of this Count.

11. At the time of the incident which is the subject of this Complaint, Plaintiff was and now is the wife of Richard Totten. At all times mentioned she was living with her spouse.

12. Because of his injuries, and as the direct and proximate consequence of the negligent and careless acts of Defendant, Richard Totten became permanently and severely injured and will remain so for the duration of his life. As a result, Plaintiff has suffered the loss of her husband's services and earnings which had been, prior to his injury, of great value to her. She has been and will continue to be deprived of her husband's affection, society, companionship and consortium. Plaintiff has suffered and will in the future suffer great mental pain, anguish and anxiety.

WHEREFORE, Plaintiff JUDY TOTTEN prays for judgment against Defendant LOWE'S HOME CENTERS, INC. in an amount in excess of $50,000 and for the costs of his suit.

RICHARD TOTTEN and JUDY TOTTEN, Plaintiffs

By: s/ S. David Simpson
S. David Simpson Illinois Bar No: 18109 Simpson Law Office Attorney for Plaintiff 250 E. Main Street, Suite 402
Galesburg, IL 61401
Telephone: (309)343-6152 Fax: (309)342-5722 E-mail: dsimpsonl@grics.net

PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE