UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JUDY TOTTEN and RICHARD TOTTEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09-cv-1411 |
| LOWE'S HOME CENTERS, INC., | ) ) ) | |
| Defendant. | ) | |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendant, Lowe's Home Centers, Inc., on January 5, 2010 (Doc. 7). For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

This case is a basic slip-and-fall case with a tacked on loss of consortium claim. Richard Totten alleges that he was a business invitee of a Lowe's retail store in Galesburg, Illinois on February 7, 2008 when he slipped and fell on an "unnatural" patch of ice outside an entrance to the store. The slip caused a closed-head injury that resulted or will result in significant medical care. As to the ice, Plaintiffs allege:

> For many years before February 7, 2008, the Defendant knew when snow accumulated on the overhanging roof on the south side of its building and the snow melted, water would drain off the roof (there being no gutter or other water diversion system) and pool in an area just outside the west exit door of said premises and in the path of pedestrian traffic exiting the building through the west exit door on the south side of said premises and [sic] said pooled water, when it became frozen, created an unreasonable risk of injury to Defendant's

patrons exiting its premises in that area. (Amended Complaint, Doc. 15, ¶ 5).

Defendant seeks dismissal stating that it does not have a duty to remove natural accumulations of ice from its premises.

## DISCUSSION

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff. *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir. 1995). The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff. *Richards v. Kiernan*, 461 F.3d 880, 882 (7th Cir. 2006). A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. *Massey v. Merrill Lynch and Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006). However, a plaintiff must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (citations and editing marks omitted). In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

To prevail in this negligence action, Plaintiffs will ultimately need to prove that defendant owed a duty to them, that Defendant breached that duty, and that they suffered injuries that were proximately caused by the breach. *Reed v. Galaxy Holding, Inc.*, 914 N.E.2d 632, 636 (Ill. App. Ct. 2009). Defendant has "a general duty to provide a reasonably safe means of ingress to and egress from their business." *Id.* However, as a matter of law, Defendant is "not liable for injuries

resulting from natural accumulations of ice, snow, or water." *Roberson v. J.C. Penney Co.*, 623 N.E.2d 364, 367 (Ill. App. Ct. 1993). Thus, a landlord does not have a common law duty to remove natural accumulations of ice. *Lapidus v. Hahn*, 450 N.E.2d 824, 828 (Ill. App. Ct. 1983).

Defendant argues that the accumulation of ice is "natural" and that as a matter of law it is not liable for Plaintiffs' injuries. Plaintiffs, however, argue that they have sufficiently alleged that there was an unnatural accumulation of ice by alleging that Defendant maintained a dangerous condition, to wit, maintaining a defective roof that allowed snow melt to accumulate in front of its doors where it froze. Thus, Plaintiffs argue that because "the landlord in some way caused an unnatural accumulation or aggravated a natural condition" it may be liable. *Id.* In *Lapidus*, the Illinois Court of Appeals found that the jury in that case: "considering . . . the fact that water repeatedly dripped in torrents from the roof onto the platform and was trapped there by the depression and that there was no ice or snow on the street or sidewalk could reasonably have concluded that this ice was caused by the defective nature and construction of the roof and abetted by the depression in the platform and thus was not a natural accumulation." *Id.* In light of this conclusion, at the trial stage, it is clear that Plaintiffs in this matter have not failed to state a claim.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendant, Lowe's Home Centers, Inc., on January 5, 2010 (Doc. 7) is DENIED. This matter is REFERRED to Magistrate Judge Gorman for all further pretrial matters.


Entered this 15th day of March, 2010

                                                   s/ Joe B. McDade
                                                   JOE BILLY MCDADE
                                     Senior United States District Judge